# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Randall Riley Davidson

**DEFENDANTS**
United States Postal Service,
United States of America and John Doe

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dodd B. Fisher, Fisher, Fowler & Williams
18538 Mack Ave., Grosse pointe Farms, MI 48126 (313) 458-8276

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2675(a),

Brief description of cause:
Plaintiff tort calm, injured in motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 8/11/20
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RANDALL RILEY DAVIDSON,

    Plaintiff,

-vs-

UNITED STATES POSTAL SERVICE,
UNITED STATESS OF AMERICA and
JOHN DOE

    Defendants.

Hon.
Case No.



**FISHER FOWLER & WILLIAMS**

18538 Mack Ave.
Grosse Pointe Farms, MI 48236

(313) 458-8276
(313) 469-7085 (fax)

ffwplc.com

*Attorneys*

Dodd B. Fisher, Esq.
Aimee Fowler, Esq.
Daniel Williams, Esq.
Erin E. Avey, Esq.
Kurt Koning Esq.

*Of Counsel*

Christopher J. Nesi, Esq.

Dodd B. Fisher (P51382)
FISHER FOWLER & WILLIAMS, PLC
Attorney for Plaintiff
18538 Mack Avenue
Grosse Pointe Farms, MI 48236
(313) 458- 8276 / Fax (313) 469-7085
dfisher@ffwplc.com

## COMPLAINT

NOW COMES Plaintiff RANDALL RILEY DAVIDSON, through his attorneys, FISHER FOWLER & WILLIAMS, and for his Complaint against Defendants, states the following.

1. Plaintiff, RANDALL RILEY DAVIDSON, is a resident of Dearborn Heights, Michigan.

2. Defendant, UNITED STATES POSTAL SERVICE, (herein after USPS) is a governmental agency of defendant USA, and the owner of the motor vehicle involved in this matter.

3. Defendant USA is a party to the action by virtue of 28 U.S.C. §§ 1346(b) and 2671.

4. Defendant, JOHN DOE, is resident of ….,

5. The amount of controversy exceeds $75,000

## General Allegations

6. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-5.

7. Pursuant to 28 U.S.C. § 2675(a), Plaintiff has presented an administrative claim against the USPS and John Doe, alleging personal injuries stemming from an incident on May 24, 2018. Plaintiff's administrative claim has been assigned Case no. 482-10-00419967A (Tort Claim Examiner, Donna Dye).

8. On August 19, 2019, Plaintiff's administrative claim was denied.

9. On February 7, 2011, Plaintiff traveling on bicycle on the sidewalk on the east side of Telegraph Rd., in the city of Dearborn Heights, MI. Plaintiff was traveling on sidewalk in front of Taco Bell. A USPS vehicle exiting the drive of Taco Bell onto Telegraph Road failed to see Plaintiff and struck his bike. The USPS vehicle continued proceeding north on Telegraph Road and did not stop. Mr. Davidson was thrown off his bicycle resulting in his injuries.

8. Mr. Davidson was taken via EMS to Oakwood/Beaumont Hospital where he was treated for his injuries. Mr. Davidson's treatment by several medical doctors as a result of his injuries arising out of the accident herein requires ongoing medical treatment and care.

9. As a result of the accident, Plaintiff sustained the following injuries, including but not limited to:

  (a) Neck and back injuries;

  (b) Lumbar radiculopathy, including radiation to lower left leg;

  (c) Cervical strain and cervical radiculopathy including EMG findings consistent with C5-C7 bilateral radiculopathy/irritability and aggravation to right-sided cervical radiculopathy, including new onset numbness and tingling in upper extremities;

(d) Severe muscle spasms and nerve pain;

(f) Pain, humiliation, anxiety, emotional distress, embarrassment, past and future, and other non-economic loss and damage; and

(g) Plaintiff suffers emotional trauma and stress in daily living as a direct and proximate result of his pain and suffering, and

(h) Other economic losses, past, present and future.

### COUNT I. Negligence and Gross Negligence as to Defendants United States Postal Service, United States of America and John Doe

10. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-9.

11. At the time of the accident herein, Defendant John Doe was operating a USPS Vehicle pursuant to his employment with Defendant USPS.

12. That the collision herein was caused by Defendant John Doe's careless actions and failure to use reasonable care, failure to stop in assured clear distance; this being negligence and gross negligence by said Defendant who had a duty to operate her vehicle in a careful and non-negligent manner which would not endanger other persons. This duty was owed to the general public and to Plaintiff in particular.

13. That Defendant, by his acts and omissions, violated his duty to the public in general and Plaintiff in particular, each and every act of negligence and gross negligence by Defendant being a direct and proximate cause of Plaintiff's damages and injuries as follows:

(a) In operating said motor vehicle in a reckless, careless, negligent and heedless manner without due regard for the rights and safety of others, and more particularly, the Plaintiff herein; and without the caution and circumspection as required by law; and without lookout for others or in a manner so as to endanger or be likely to endanger property and persons, in violation of MCLA 257.626, MSA 9.2326 and MCLA 257.626(b), MSA 9.2326(2) and in violation of the common law.

(b) In operating his vehicle in a willful and wanton disregard for the safety of persons or property and in a manner without making proper observations;

and in failing to have her motor vehicle under control to avoid such collision, contrary to the common law and MCLA 257.626, MSA 9.2326(a).

(c) In failing to maintain a careful lookout;

(d) In failing to operate a vehicle at a speed that permitted him or her to stop in the assured clear distance ahead;

(e) In failing to maintain a proper lookout ahead, or make proper observation, and failing to see what was there to be seen or anticipate what might be there; as a reasonable and prudent driver would have if he had made proper observations, contrary to common law and said failure to make proper observation resulted in Defendant's vehicle colliding into the bicycle that Plaintiff was riding at the time.

(f) In failing to control and stop the vehicle before colliding into the bicycle that was lawfully traveling in the intersection in front of the Taco Bell on Telegraph Rd., in Dearborn Heights, this action by the Defendant being without warning, contrary to MSA 9.2348 and common law.

14. That as a direct result of the Defendant's negligence and gross negligence which are in violation of the common law and Michigan statutes, which were the proximate cause of Plaintiff's injuries, the Plaintiff sustained serious and permanent injuries and damages; and substantial impairment of bodily functions and in particular without limiting the injuries enumerated in paragraph 9.

15. Plaintiff demands a trial by jury in this action.

WHEREFORE, Plaintiff demands a fair and just Judgment according to the law and evidence in an amount exceeding $2,000,000.00 Dollars, plus costs, interest and attorney fees.

Respectfully submitted,

By: /s / Dodd B. Fisher
DODD B. FISHER (P51382)
FISHER, FOWLER & WILLIAM, PLC
Attorneys for Plaintiffs
18538 Mack Avenue
Grosse Pointe Farms, MI 48326
(313) 458-8276/ (313) 469-7085-Fax
d.fisher@ffwplc.com

Dated: August 12, 2020

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record and all parties to the above cause via e-filing at their respective addresses, as disclosed by pleadings of record herein, on August 12, 2020. I declare under penalty of perjury, that the statement above is true to the best of my information, knowledge and belief.

/s/ Janee Almond
JANEE ALMOND